United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

LEONARD JOHNSON, Jr.,

Plaintiff,

v.

STATE OF CALIFORNIA, et. al.,

Defendants.

_______________________________/

No. C 16-0469 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court granted plaintiff leave to proceed in forma pauperis. (Doc.4.)

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint “does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds’ of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Plaintiff states that he was falsely arrested and his money was confiscated and not returned.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see, e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity when there was "no question" that officers had probable cause to believe that plaintiff had committed the actus reus of theft, even though reasonable people could draw different conclusions based on plaintiff's behavior). A claim

of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Knowingly arresting the wrong person pursuant to a facially valid arrest warrant intended for another person makes out a constitutional violation for false arrest. *Lee v. Gregory*, 363 F.3d 931, 935 (9th Cir. 2004).

Malicious prosecution does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial system to remedy such wrongs. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987). But there is an exception to this general rule: where a prosecution is conducted with malice and without probable cause, and with the intent to deprive a person of equal protection of the laws or another specific constitutional right, a due process claim may be stated. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc), and *Cline v. Brusett*, 661 F.2d 108, 110-12 (9th Cir. 1981)). *See, e.g., Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (upholding district court's grant of summary judgment on malicious prosecution claim because probable cause existed to arrest and prosecute plaintiff for arson); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) (no need to decide whether there was malice because probable cause existed and probable cause is an absolute defense to malicious prosecution claim). A plaintiff also must demonstrate the elements of malicious prosecution under state law, *Usher*, 828 F.2d at 561, which, under the Second Restatement of Torts, includes the institution of criminal proceedings against another who is not guilty of the offense charged and that the proceedings have terminated in favor of the accused, *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc).

Plaintiff states that he was on the phone when police pulled up and falsely arrested him for sale of drugs that were in bushes on public property. He states that the police did not test the drugs for DNA and there was no recording of him selling drugs. He states that

the district attorney's office dropped the charges but his confiscated money was not returned.[1] Plaintiff provides no other information and identifies no defendants except for a deputy district attorney who presumably prosecuted the case and then dismissed the charges.

The complaint will be dismissed with leave to amend to provide more information based on the legal standards set above. Plaintiff should identify individual defendants and describe their actions and how they violated his rights. Simply alleging that the police department was responsible for a false arrest with no other information is insufficient

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 25, 2016.

NANDOR J. VADAS
United States Magistrate Judge

---

[1] Plaintiff is still in custody pending a violation of probation.