United States District Court
For the Northern District of California

1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5               EUREKA DIVISION
6
7   LEONARD JOHNSON, Jr.,
8                    Plaintiff,                    No. C 16-0469 NJV (PR)
9        v.                                        **ORDER OF DISMISSAL WITH**
                                                   **LEAVE TO AMEND**
10  STATE OF CALIFORNIA, et. al.,
11                   Defendants.
                                            /
12
13         Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14  The original complaint was dismissed with leave to amend and plaintiff has filed an

15  amended complaint.

16                            **DISCUSSION**

17  **A.    Standard of Review**

18         Federal courts must engage in a preliminary screening of cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity.

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court
For the Northern District of California

1   omitted).  Although in order to state a claim a complaint "does not need detailed factual

2   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3   requires more than labels and conclusions, and a formulaic recitation of the elements of a

4   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9   framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

12  679 (2009).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.    Legal Claims**

18      Plaintiff states that he was falsely arrested and his money was confiscated and not

19  returned.  He seeks money damages.

20      A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth

21  Amendment's prohibition against unreasonable search and seizure if the allegation is that

22  the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S.

23  547, 555-558 (1967); *see, e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir.

24  2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests

25  and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest

26  against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012)

27  (reversing denial of qualified immunity when there was "no question" that officers had

28

2

United States District Court

For the Northern District of California

1  probable cause to believe that plaintiff had committed the actus reus of theft, even though

2  reasonable people could draw different conclusions based on plaintiff's behavior).  A claim

3  of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal

4  and unconstitutional arrest.  *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en

5  banc).  Knowingly arresting the wrong person pursuant to a facially valid arrest warrant

6  intended for another person makes out a constitutional violation for false arrest.  *Lee v.*

7  *Gregory*, 363 F.3d 931, 935 (9th Cir. 2004).

8       In order to recover damages for allegedly unconstitutional conviction or

9  imprisonment, or for other harm caused by actions whose unlawfulness would render a

10 conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence

11 has been reversed on direct appeal, expunged by executive order, declared invalid by a

12 state tribunal authorized to make such determination, or called into question by a federal

13 court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87

14 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has

15 not been so invalidated is not cognizable under § 1983.  *See id.* at 487.  *Heck* generally

16 bars claims challenging the validity of an arrest or prosecution.  *See Wallace v. Kato*, 549

17 U.S. 384, 393-94 (2007) (if criminal case is still pending, the § 1983 action should be

18 stayed rather than dismissed if *Heck* rule otherwise applies); s*ee also Szajer v. City of Los*

19 *Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (a claim alleging an illegal search and seizure

20 of evidence that was used to secure a conviction necessarily implies the invalidity of that

21 conviction).

22      Plaintiff states that he was on the phone when police pulled up and falsely arrested

23 him for the sale of drugs that were in bushes on public property.  He states that the police

24 did not test the drugs for DNA and there was no recording of him selling drugs.  He argues

25 that there are recordings that would exonerate him.

26      In the original complaint, plaintiff stated that the charges against him had been

27 dropped but in the amended complaint he states that motions to suppress evidence and to

28

obtain video footage are still pending a ruling from the state court. It appears that the criminal case continues. If the prosecution is ongoing then this action may be *Heck* barred. The complaint is dismissed with leave to amend to provide more information based on the legal standards set forth above. Plaintiff should describe the legal status of his case and what has occurred with his pending motions in state court. He may wish to include paperwork from the arrest and prosecution. Plaintiff should also include more information such as first names or badge numbers of the two officers named in the amended complaint so the court can more easily effectuate service should the case continue.

### CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 31, 2016.

_____
NANDOR J. VADAS
United States Magistrate Judge