UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

LEONARD JOHNSON, Jr.,

    Plaintiff,

v.

STATE OF CALIFORNIA, et. al.,

    Defendants.

Case No.  16-cv-0469-NJV (PR)

**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  The court dismissed the first amended complaint with leave to amend.  (Doc. 8.)  Plaintiff has filed a second amended complaint.  (Doc. 13.)

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'"'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff states that he was falsely arrested and his money was confiscated and not returned. He seeks money damages.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see*, *e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity when there was "no question" that officers had probable cause to believe that plaintiff had committed the actus reus of theft, even though reasonable people could draw different conclusions

based on plaintiff's behavior). A claim of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process – that is, for example, when he or she is bound over by a magistrate or arraigned on charges. *Id*. at 389-90. The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id*. at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or charged.

If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action

until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id*. at 394.

Plaintiff states that he was on the phone when police pulled up and falsely arrested him for the sale of drugs that were in bushes on public property. He states that the police did not test the drugs for DNA and there was no recording of him selling drugs. He claims that there are recordings that would exonerate him.

In the original complaint, plaintiff stated that the charges against him had been dropped but in the amended complaint he states that motions to suppress evidence and to obtain video footage are still pending a ruling from the state court. Plaintiff has failed to specify in the second amended complaint the current status of the criminal case though it appears to continue. Therefore, the case is stayed until the criminal case is ended.

## CONCLUSION

For the foregoing reasons, this action is **STAYED**. Within **twenty-eight (28) days** of the date on which he is acquitted, convicted, or charges are dismissed, plaintiff must file a motion to lift the stay. If plaintiff is convicted and if the claim would impugn that conviction, the action will be dismissed; otherwise, his claim may then proceed. In light of the stay, plaintiff should not file any more documents in this action until the state court proceedings have concluded. The clerk shall **ADMINISTRATIVELY CLOSE** the case.

**IT IS SO ORDERED.**

Dated: August 22, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge